UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DANIEL MERENA; CRUZ M. COTTO; JAY J. GENETTI; CHARLES R. SEKELSKY<br>PLAINTIFFS, | : : : : : | CIVIL ACTION NO. |
| V. | : : : | |
| CITY OF BRIDGEPORT; AND BRIDGEPORT POLICE LOCAL # 1159, COUNCIL # 15, AFSCME, AFL-CIO,<br>DEFENDANTS. | : : : : | MARCH 6, 2014 |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief, monetary and liquidated damages, and costs and attorney fees for the age discrimination suffered by the plaintiffs when the defendants intentionally agreed to exclude the plaintiffs, some of the oldest members serving in the Bridgeport Police Department, from participating in the State of Connecticut Municipal Employee Retirement System, while agreeing to allow all other members of the Bridgeport Police Department to participate in violation of The Age Discrimination in Employment Act, Title 29 U.S.C. §621 et seq.

II.     **JURISDICTION**

2. This action arises under The Age Discrimination In Employment Act, Title 29 U.S.C. §621 et seq.

3. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4), and Title 29 U.S.C. §626(b).

4. All conditions precedent to jurisdiction under Title 29 U.S.C. § 626(b), have occurred or have been complied with in the following manner:
    a. Each of the plaintiffs filed charges of employment discrimination on the basis of age on or about August 6, 2012, with both the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission, which filings were within 180 days of the commission of the unlawful employment practices alleged herein;

5. More than ninety (90) days have expired since the charges were filed with the United States Equal Employment Opportunity Commission.

III.    **VENUE**

6. This action properly lies in the United States District Court for the District of Connecticut pursuant to Title 28 U.S.C. §1391(b), because the claims of the plaintiffs arose in this judicial district.

IV.   **PARTIES**

7. The plaintiff, John Daniel Merena, whose was born in December of 1943, is a resident of Bridgeport, Connecticut, and is an active member of the Bridgeport Police Department.

8. The plaintiff, Cruz M. Cotto, who was born in September of 1942, is a resident of Bridgeport, Connecticut, and is an active member of the Bridgeport Police Department.

9. The plaintiff, Jay J. Genetti, whose was born in November of 1948, is a resident of Stratford, Connecticut, and is an active member of the Bridgeport Police Department.

10. The plaintiff, Charles R. Sekelsky, whose was born in February of 1947, is a resident of Stratford, Connecticut, and is an active member of the Bridgeport Police Department

11. The defendant, City of Bridgeport ("Bridgeport"), is a municipal corporation, organized and chartered in accordance with the laws of the State of Connecticut, and is a body politic and political subdivision of the State of Connecticut.

12. The defendant, City of Bridgeport, employs more than twenty employees.

13. The defendant, Bridgeport Police Local #1159, Council 15, AFSCME, AFL-CIO ("Local #1159"), is an employee organization as that phrase is defined by Connecticut General Statutes § 7-467 (6), and has a principal office in the city of Bridgeport, Connecticut.

## V.     FACTS

14. The defendant, Local #1159, of which the plaintiffs are members, entered into an agreement with the defendant, Bridgeport, to include the sworn members of the police department belonging to Local #1159 into the State of Connecticut Municipal Employee Retirement System ("MERS"), which provides for a substantially superior retirement plan than the retirement plan in which the plaintiffs have been required to remain enrolled.

15. The plaintiffs have been excluded from participation in MERS through the willful collaboration between the defendant, Bridgeport, and the defendant, Local #1159.

16. The defendant, Bridgeport, and the defendant, Local #1159, acted in consort to exclude the plaintiffs from joining MERS.

17. The agreement which the defendant, Bridgeport, entered into with the defendant, Local #1159, intentionally excluded the oldest members of the Bridgeport Police Department from participating in MERS so as to permit the younger members of the Bridgeport Police Department to participate in MERS.

18. The agreement which the defendant, Bridgeport, entered into with the defendant, Local #1159, adversely impacted on the plaintiffs on account of their ages.

19. The defendant, Bridgeport, and the defendant, Local #1159, disqualified the plaintiffs from joining MERS allegedly because they were, at the time, enrolled in Bridgeport's Pension Plan A, and only those members enrolled in Bridgeport's Pension Plan B would be allowed to transfer to MERS.

20. The defendants barred the plaintiffs from participating in the improved employment benefits solely because they were covered by the pension plan designated as Plan A.

21. Only the oldest members of the Bridgeport Police Department, including the plaintiffs, were covered by Plan A.

22. The plaintiffs are among the oldest members of the Bridgeport Police Department, ranging in age from 63 years to 69 years, and they all are participants in Pension Plan A.

23. Determining eligibility to participate in MERS on the basis of the pension plan, either Pension Plan A or Pension Plan B, in which a member was a participant, adversely impacted to a substantial degree on the oldest members of the Bridgeport Police Department.

24. The defendants intentionally excluded the plaintiffs from the improved benefits of the MERS plan on account of their age.

25. The agreement which the defendant, Local #1159, entered into with the defendant, Bridgeport, adversely impacted on the plaintiffs, depriving them of similar improvements

in benefits but at the same time imposing on them the same additional costs for medical coverage.

26. Only the oldest employees of the Bridgeport Police Department belong to Pension Plan A, while significantly younger employees are members of Pension Plan B.

27. By excluding members of Plan A from participating in the improved employment benefits, the defendants discriminated against the plaintiffs based on their age.

28. The agreement to provide the members of the Bridgeport Police Department improved employment benefits in return for an increase in the members' share of the cost for medical benefits adversely affected the oldest members of the Bridgeport Police Department.

29. The exclusion of those members of the Bridgeport Police Department who were covered by Pension Plan A from the terms of the agreement to provide the members of the Bridgeport Police Department with improved retirement benefits adversely impacted on the plaintiffs on the basis of their age.

30. The exclusion of those members of the Bridgeport Police Department who were covered by Pension Plan A from enrollment in MERS adversely impacted on and discriminated against the plaintiffs on the basis of their age.

31. The defendant, Bridgeport, has initiated steps to retire the plaintiff, John Daniel Merena, on or about March 18, 2014, under Pension Plan A. *Exhibit 1.*

32. Once the plaintiff, John Daniel Merena, is retired under Pension Plan A, he will be ineligible for participation in MERS.

33. The retirement of the plaintiff, John Daniel Merena, under Plan A will cause him irreparable harm for he will be barred forever from participation in MERS.

34. The plaintiff, John Daniel Merena, is without a legal remedy in that monetary damages are an inadequate form of relief for the injury that the plaintiff is about to suffer.

VI. **FIRST CAUSE OF ACTION AS TO THE CITY OF BRIDGEPORT (UNLAWFUL AGE DISCRIMINATION UNDER THE ADEA)**

35-68. Paragraphs 1-34 are hereby made Paragraphs 35-68 of plaintiffs' complaint.

69. Since the defendant, Bridgeport, excluded the plaintiffs from participating in MERS pension plan because of their ages, the defendant violated the provisions of the Age Discrimination and Employment Act, Title 29, U.S.C. §§ 623(a)(1) and 623(a)(2).

70. The defendant, Bridgeport, intentionally deprived the plaintiffs of the right to participate in the MERS pension plan.

71. The defendant, Bridgeport, violated the provisions of Age Discrimination in Employment Act of 1967, Title 29 U.S.C. §§ 623(a)(1) and 623(a)(2), because it discriminated against the plaintiffs on the basis of their age.

72. As a direct result of the actions of the defendant, Bridgeport, as set forth above, the plaintiffs have suffered substantial economic losses.

VII. **SECOND CAUSE OF ACTION AS TO LOCAL #1159 (UNLAWFUL AGE DISCRIMINATION UNDER THE ADEA)**

73-106. Paragraphs 1-34 are hereby made Paragraphs 73-106 of plaintiffs' complaint.

107. Since the defendant, Local #1159, excluded the plaintiffs from participating in MERS pension plan because of their ages, the defendant violated the provisions of the Age Discrimination and Employment Act, Title 29, U.S.C. §§ 623(a)(1) and 623(a)(2).

108. The defendant, Local #1159, intentionally deprived the plaintiffs of the right to participate in the MERS pension plan.

109. The defendant, Local #1159, violated the provisions of Age Discrimination in Employment Act of 1967, Title 29 U.S.C. §§ 623(c)(1), 623(c)(2) and 623(c)(3), because it discriminated against the plaintiffs on the basis of their age.

110. As a direct result of the actions of the defendant, Local #1159, as set forth above, the plaintiffs have suffered substantial economic losses.

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFFS PRAY THAT THIS COURT:

As to the First Cause of Action:

(a) Declare the conduct engaged by the defendant, Bridgeport, to be in violation of The Age Discrimination In Employment Act;

(b) Enjoin the defendant, Bridgeport, from engaging in such conduct;

(c) Issue a mandatory injunction requiring the defendant, Bridgeport, to take the necessary steps to allow the plaintiffs to participate in MERS;

(d) Issue as preliminary and permanent injunction against the City of Bridgeport barring its attempts to retire the plaintiff, John Daniel Merena, under Pension Plan A.

(e) Award the plaintiffs monetary damages;

(e) Award compensatory damages to the plaintiffs;

(g) Award the plaintiffs their costs and attorney fees; and

(h) Grant such other and further relief as the Court may deem just and proper.

As to the Second Cause of Action:

(a) Declare the conduct engaged by the defendant, Local # 1159, to be in violation of The Age Discrimination In Employment Act;

(b) Enjoin the defendant, Local # 1159, from engaging in such conduct;

(c) Issue a mandatory injunction requiring the defendant, Local # 1159, to take the necessary steps to allow the plaintiffs to participate in MERS;

(d) Award the plaintiffs monetary damages;

(e) Award compensatory damages to the plaintiffs;

(g) Award the plaintiffs their costs and attorney fees; and

(h) Grant such other and further relief as the Court may deem just and proper.

THE PLAINTIFFS

BY: /s/Thomas W. Bucci
Thomas W. Bucci, Esq.
Federal Bar No. ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT 06604
Tel. No. (203) 366-3939
Fax No. (203) 337-4588
Email: thomasbucci@earthlink.net





PLAINTIFF'S EXHIBIT 1

*City of Bridgeport*
# DEPARTMENT OF POLICE
## OFFICE OF THE CHIEF

300 Congress Street • Bridgeport, Connecticut 06604 • (203) 581-5111 • Fax (203) 576-8130

**JOSEPH L. GAUDETT, JR.**
Chief of Police

To: Lieutenant Merena

From: Lieutenant Fitzgerald

Date: February 26, 2014

Re: Retirement


Lieutenant Merena,

    This letter is to inform you that due to your sick/ injured status, notification has been sent to the Board of Police Commissioners, requesting that you receive a service- connected disability retirement under Pension Plan A, effective immediately. This decision is based on medical documentation the City possesses, and the results of an independent medical examination, which indicate that you can no longer perform the duties of a Bridgeport police lieutenant. I have included copies of these documents for your review.

    The next scheduled meeting of the Board of Police Commissioners is on March 18, 2014 and this matter will be on the agenda for that evening.

    In addition to the documents sent to the Board of Police Commissioners regarding this matter, you are welcome to review any and all documents that are in your sick/ injured file. If you are represented by an attorney, you may have them review these documents and I am available to meet with you, your attorney or your union representative to discuss this matter. Should you choose to voluntarily retire prior to March 18, 2014, you can obtain a retirement package from the Department Clerk's office. The clerk may also provide you with an estimate on what payment you might receive for unused time. If you have any questions concerning your request for retirement, please contact me as soon as possible at 203-581-5129.


Sincerely,

Lieutenant Brian Fitzgerald

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DANIEL MERENA; CRUZ M. COTTO; JAY J. GENETTI; CHARLES R. SEKELSKY<br>PLAINTIFFS, | : : : : | CIVIL ACTION NO. |
| V. | : : | |
| CITY OF BRIDGEPORT; AND BRIDGEPORT POLICE LOCAL # 1159, COUNCIL # 15, AFSCME, AFL-CIO,<br>DEFENDANTS. | : : : : | MARCH 6, 2014 |

## AFFIDAVIT

STATE OF CONNECTICUT)
) ss. Bridgeport
COUNTY OF FAIRFIELD )

The undersigned, being duly sworn, hereby deposes and says:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I am familiar with the facts alleged in the complaint I originally filed in the United States District Court for the District of Connecticut to which this affidavit is attached and attest that the facts and matters contained therein are true and accurate.

_____
JOHN DANIEL MERENA

Personally appeared JOHN DANIEL MERENA, and made Oath to the truth of the matters contained in the foregoing complaint, before me.

SUBSCRIBED AND SWORN TO, before me, on this 6th day of March, 2014.

_____
Notary Public

KIM M. HURLEY
NOTARY PUBLIC
State of Connecticut
My Commission Expires
March 31, 2018